```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
NORMA KNOPF and MICHAEL KNOPF,          :
                                        :
                    Plaintiffs,         :     17cv5833(DLC)
           -v-                          :
                                        :     MEMORANDUM OPINION
FRANK M. ESPOSITO, DORSEY & WHITNEY     :         AND ORDER
LLP, NATHANIEL H. AKERMAN, EDWARD S.    :
FELDMAN, and MICHAEL HAYDEN SANFORD,    :
                                        :
                    Defendants.         :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On June 12, 2019, plaintiff-appellants Norma and Michael Knopf (together, the "Knopfs") filed a motion for an indicative ruling pursuant to Rule 62.1, Fed. R. Civ. P. The Knopfs request an indicative ruling that, upon remand from the pending appeal, the Court would modify an Opinion of July 25, 2019 pursuant to Rules 60(b)(2) and 60(b)(3), Fed. R. Civ. P., and expressly find that the Knopfs' conspiracy allegations "are plausible and legally sufficient." The Knopfs' motion is denied.

An Opinion of December 7, 2017 granted defendants' motion to dismiss this action. See Knopf v. Esposito, No. 17cv5833(DLC), 2017 WL 6210851 (S.D.N.Y. Dec. 7, 2017). Judgment was entered in favor of the defendants on December 13, and the Knopfs filed an appeal on December 28. Shortly

thereafter, an Opinion of March 5, 2018 granted in part the defendants' motions for attorney's fees and sanctions. See Knopf v. Esposito, No. 17cv5833(DLC), 2018 WL 1226023 (S.D.N.Y. Mar. 5, 2018). On March 8, the Court entered final judgment and the Knopfs filed an amended notice of appeal.

Following the disclosure of newly-discovered evidence, an Order of April 24 indicated that the Court would entertain, on remand from the Court of Appeals, a motion by the Knopfs to amend the December 13 and March 8 judgments pursuant to Rule 60(b), Fed. R. Civ. P. The Knopfs and their attorney, Eric W. Berry, filed their motion on May 14. The appeal was remanded on May 18 to allow the Court to vacate or modify the judgments.

An Opinion of July 25 granted the Knopfs' motion for Rule 60(b) relief "solely to the extent of reducing the sanctions award . . . against Berry and the Knopfs, and vacating the sanctions award in favor of Esposito." Knopf v. Esposito, No. 17cv5833(DLC), 2018 WL 3579104, at *6 (S.D.N.Y. July 25, 2018). To the extent the Knopfs sought relief from the December 13 judgment dismissing the Knopfs' complaint, the motion was denied. Id.

The Knopfs' second motion for relief from judgment would be denied as untimely. The Knopfs contend that new evidence -- namely, bank records and statements relating to defendant Frank Esposito -- demonstrates that their conspiracy allegations were

2

plausible and legally sufficient to survive a motion to dismiss. They bring their motion under Rules 60(b)(2) and 60(b)(3), which allow a court to relieve a party from a final judgment or order based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial" and "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(2)-(3). Pursuant to Rule 60(c)(1), however, "[a] motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Judgment on the motion to dismiss was entered on December 13, 2017 and final judgment was entered on March 8, 2018. Because more than a year has passed since the entry of judgment in this case, any motion pursuant to Rules 60(b)(2) or 60(b)(3) would be untimely.

The Knopfs contend that their motion is timely because it was filed within one year of the July 25 Opinion, and Rule 60(c)(1) only requires that a motion under Rules 60(b)(2) or 60(b)(3) be made within one year of a "judgment or order." But a party may not evade the one-year time limitation of Rule 60(c)(1) merely by styling their second Rule 60(b) motion as relief from a denial of their first Rule 60(b) motion. Because the July 25 Opinion "made no substantive change in [the Knopfs']

3

legal position from that established by the [December 13] judgment," the one-year time limitation began with the entry of the December 13 judgment and did not begin anew with the July 25 Opinion. See Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc., 466 F.3d 97, 101 (2d Cir. 2006).

The motion would also be denied on other grounds. As the July 25 Opinion explained, the December 7 Opinion gave two principal grounds for dismissing the Knopfs' first amended complaint ("FAC"). See Knopf, 2017 WL 6210851, at *6-7; Knopf, 2018 WL 3579104, at *3. Only the second ground -- the plausibility of the Knopfs' conspiracy allegations -- might be affected if the Court were to grant the motion and admit the newly discovered evidence. It would not affect "the principal ground for dismissing the FAC, the fact that the Appellate Division's orders had removed any restraint on the sale of [an apartment on East 67th Street]." Knopf, 2018 WL 3579104, at *3. Accordingly, granting the motion would not provide the Knopfs any meaningful relief from the December 13 or March 8 judgments.

4

For the foregoing reasons, if the Court of Appeals were to remand this case, the Knopfs' motion would be denied.

SO ORDERED:

Dated: New York, New York
June 13, 2019

```
                                    /s/ Denise Cote
                              _____
                                     DENISE COTE
                              United States District Judge
```