```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :    17cv5833 (DLC)
NORMA KNOPF and MICHAEL KNOPF,           :
                                         :           ORDER
                    Plaintiffs,          :
        -v-                              :
                                         :
FRANK M. ESPOSITO, DORSEY & WHITNEY      :
LLP, NATHANIEL AKERMAN, EDWARD           :
FELDMAN, and MICHAEL SANFORD,            :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On December 7, 2017, plaintiffs' claim brought pursuant to 42 U.S.C. § 1983 and embodied in their first amended complaint was dismissed.  Knopf v. Esposito, No. 17CV5833 (DLC), 2017 WL 6210851 (S.D.N.Y. Dec. 7, 2017).  With plaintiffs' federal claim dismissed, the Court declined to exercise supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c)(3).  Id. at *8.  On July 25, 2018, the plaintiffs' request to file a second amended complaint was denied.

On February 25, 2020, the Second Circuit Court of Appeals reversed the dismissal of the § 1983 claim.  Knopf v. Esposito, 803 F. App'x 448 (2d Cir. 2020).  Its summary order stated "we **VACATE** the judgment and post-judgment orders of the District Court, [and] **REMAND** for further proceedings."  The mandate

returning jurisdiction to this Court issued on April 8.  As set forth in the mandate, the Second Circuit "vacate[d] the District Court's dismissal of the Knopfs' complaint and remand[ed] the cause for further proceedings."

Having won reinstatement of their complaint, the plaintiffs no longer seek to litigate their state law claims in federal court.[1]  In letters of May 13 and 15, the parties disputed whether the state law claims are reinstated.  The plaintiffs took the position that they are not; the defendants argued that they are.  In a letter of May 29, plaintiffs request leave to file a Second Amended Complaint to omit the state law claims and add support for their § 1983 claim.[2]

"Rule 15 permits amendment of civil pleadings following remand when consistent with the appellate court's decision." Ching v. United States, 298 F.3d 174, 179 (2d Cir. 2002) (citation omitted).  The Second Circuit mandate in this case vacated the Court's denial of plaintiffs' motion for leave to amend.

Accordingly, it is hereby

---

[1] The plaintiffs brought those claims in an action filed in state court on January 11, 2019.  Knopf v. Esposito, New York Co. Index No. 150315/2019 (Lebovits, J.).

[2] The plaintiffs' May 29 request was made after they received notice that the Court had denied their motion for recusal.

ORDERED that plaintiffs may file a second amended complaint so long as they do so by June 15, 2020.

IT IS FURTHER ORDERED that the defendants' time to answer the first amended complaint is extended until June 20, 2020.

Dated:    New York, New York
          June 1, 2020

```
         _____
              DENISE COTE
         United States District Judge
```