```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
NORMA KNOPF and MICHAEL KNOPF,           :      17cv5833(DLC)
                                         :
                      Plaintiffs,        :      MEMORANDUM OPINION
              -v-                        :          AND ORDER
                                         :
FRANK M. ESPOSITO, DORSEY & WHITNEY,     :
LLP, NATHANIEL H. AKERMAN, EDWARD S.     :
FELDMAN, and MICHAEL HAYDEN SANFORD,     :
                                         :
                      Defendants.        :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On November 10, 2020, plaintiffs requested permission to serve three deposition subpoenas by email upon Michael Sanford, and through their attorney, Lorraine Nadel, upon Michael Phillips and Matthew Bronfman. Plaintiffs seek to take the three depositions between November 16 and 18. That application is granted in part.

Plaintiffs appear to have made the following efforts at service of the deposition subpoenas. Plaintiffs state that Mr. Sanford refused to accept service by email. A process server attempted to serve Mr. Sanford at 23 McKinley Road, Montauk, NY 11954 on three separate occasions: October 31 at 1:41pm, November 2 at 6:00pm, and November 4 at 3:23pm. The process server affixed a copy of the subpoena to the door of the residence on November 4.

Ms. Nadel has declined to respond to the plaintiffs' inquiries as to whether she would accept service on behalf of Mr. Bronfman and Mr. Phillips.  On November 3, however, she instructed plaintiffs' counsel not to contact Mr. Bronfman directly.  On November 6, subpoenas for Mr. Bronfman and Mr. Phillips were delivered and sent by first class mail to Ms. Nadel's law firm.

Rule 45 of the Federal Rules of Civil Procedure states that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."  Fed. R. Civ. P. 45(b)(1).  Notably, "[t]here is no Second Circuit case law interpreting the Rule 45 requirement of delivery as requiring personal service."  Tube City IMS, LLC v. Anza Capital Partners, LLC, No. 14 CIV. 1783 PAE, 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014) (citation omitted).  "District courts in this Circuit have noted that the language of Rule 45 does not explicitly demand personal service of a subpoena; indeed [s]uch language neither requires in-hand service nor prohibits alternative means of service."  Id. (citation omitted).

Additionally, courts in this district have held that alternative forms of service may be used in appropriate circumstances "as long as they are calculated to provide timely

2

actual notice." Id. See, e.g., id. at *3 (accepting as substitute service (1) attaching copy of subpoenas to door of non-party and (2) mailing copy of subpoena to non-party's residence via certified mail and noting that third proposed method of mailing and emailing copy of subpoenas to non-party's current counsel in a different case, "while not alone adequate . . . can only help assure [non-party] is reached"); JPMorgan Chase Bank, N.A. v. IDW Grp., LLC, No. 08 CIV. 9116(PGG), 2009 WL 1313259, at *2-3 (S.D.N.Y. May 11, 2009) (accepting service of subpoena by certified mail, by leaving copy with person of suitable age and discretion, and by serving counsel via email and certified mail after nine attempts to serve personally); Cordius Tr. v. Kummerfeld, No. 99 CIV. 3200 (DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (accepting service by certified mail after repeated attempts by plaintiffs to effectuate personal service).

    The Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service. They must "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Accordingly, it is hereby

ORDERED that plaintiffs may serve Mr. Sanford by email, having already attempted on three occasions to serve him at his residence and having left a copy of the subpoena there.

IT IS FURTHER ORDERED that Ms. Nadel shall advise plaintiffs' counsel by November 12 at 10:00a.m. whether she will accept service on behalf of Mr. Phillips.

IT IS FURTHER ORDERED that plaintiffs may serve Mr. Bronfman through an email to Ms. Nadel, having already hand delivered a subpoena for his deposition to her law firm.

IT IS FURTHER ORDERED that any objection to this Order shall be filed no later than November 12 at noon.

IT IS FURTHER ORDERED that plaintiffs' counsel shall immediately email this Order to Mr. Sanford and Ms. Nadel.

Dated:    New York, New York
          November 11, 2020

```
                        _____
                              DENISE COTE
                        United States District Judge
```