**MICHAEL HAYDEN SANFORD**
POST OFFICE BOX 1328
MONTAUK, NEW YORK 11954
(212) 767-9494 | mhs@sanfordpartners.com

VIA CM/ECF
Honorable Denise L. Cote, U.S.D.J.
U.S. Courthouse, Southern District
500 Pearl Street, Courtroom 18B
New York, New York 10007

Re:   Response to [ECF 234, 235] | *Knopf et al. v. Esposito et al.*, Case No. 17-cv-5833

Your Honor:  I consent to email service of the subpoena ("Subpoena") for my oral deposition.

*Point 1*:  I never declined or refused service of the Subpoena. Prior to last weekend I had not seen the Subpoena nor known Plaintiff's counsel Eric Berry ("Berry") noticed my deposition for Nov. 17th. In fact, in October *I suggested doing a remote deposition* because Berry stated he needed my testimony "down the line" (Ex.1) but he (i.) never presented a subpoena, (ii.) did not confer about my availability (I cannot do the 17th), and (iii.) did not confer prior to filing the discovery motion [ECF 234], unnecessarily burdening me (I've spent days on this) and the Court.

*Point 2*:  The Subpoena was not affixed to my door. Berry submitted a false affidavit of service that the Court relied upon as it's basis to issue an Order [ECF 235, vacated]. That Order contained the clearly erroneous finding "the process server affixed a copy of the subpoena to the *door of the residence*" (emphasis) and implied that witnesses may be "evad[ing] service."

*Point 3*:  On October 8th, 2020, at 11:16p.m., Berry called threatening to file turnover petitions (Ex.1) and harm me *unless I provided an affidavit waiving my attorney-client privilege* with Frank Esposito, Dorsey & Whitney, Nick Akerman and Ed Feldman. Berry's demands include material this Court denied the Knopfs access to in 2017. [16-6601 ("*Phillips*") ECF 77].
Berry threatened that if I asserted our settlement [ECF 209-2] he would team with a 3rd party to extort me *Id*. The 3rd party's pending motion for a deficiency judgment may hinge on whether their service was made to my gate or door (Ex.9)(Ex.8). *Findings about service here can be cited elsewhere, create confusion, benefit the 3rd party and enable the Knopfs' extortion.*

### ANNEXED EXHIBITS

| | | |
|---|---|---|
| Ex.1  | 10-08-20 | Transcribed (excerpt) w/Berry; Sanford offers a remote deposition |
| Ex.2  | 10-08-20 | Berry emails Dinneen's pics: "locked wooden gate.. prevents access" |
| Ex.3  | 11-09-20 | Sanford's photos of Subpoena affixed to the locked wooden gate |
| Ex.4  | 11-04-20 | Knopfs' Affidavit of Service: "by affixing.. to the door" |
| Ex.5  | 09-20-08 | Brokerage listing when bought Premises, showing gate/trees/fencing |
| Ex 6  | 02-26-98 | East Hampton Tax Map/Site Survey highlighted to show structures |
| Ex.7  | 05-17-19 | Court filed photos showing walkway from gate to Premise's door |
| Ex.8  | 04-25-15 | Affidavit of Serv. controlling motion for deficiency judgment: "gate" |
| Ex.9  | 10-20-20 | Sanford Affidavit of Facts: vacatur/dismissal appropriate due to gate |
| Ex.10 | 03-27-16 | Sanford directs Knopfs' process server where to meet in Montauk |
| Ex.11 | 02-01-18 | *Phillips* dismissal Order: Sanford walked into court, asked to be sued |
| Ex.12 | 11-12-20 | Berry argues Sanford "resisting" Subpoena; Sanford to Judge Glenn |
| Ex.13 | 11-06-20 | So Ordered Berry Deposition; Oct 8th: Berry agreed to email service |
| Ex.14 | 11-02-20 | Metadata shows Berry drafting Subpoena 4 days *after* Oct 29th visit |

Berry filed a barred discovery motion despite appearing for years in your courtroom, which is strictly governed by your Individual Practices in Civil Cases (*eff.* May 4, 2018):

> **2(c) Discovery Disputes**. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party.. If the meet-and-confer process does not resolve the dispute, the party may file a letter motion.. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful.

**A.     The Subpoena Was Affixed to a Locked Wooden Entry Gate, Not Premise's Door**

Photos I took on Nov. 9th (Ex.3) show where I found the Subpoena: stapled to the outside of the gate; additional photos (Ex.2)(Ex.7), a tax map/site survey (Ex.6) and earlier affidavits submitted by Berry (Ex.2))(Ex.8) consistently demonstrate the Premises are surrounded by "fencing," and this "locked wooden gate" that "prevents access" to the dwelling. The structures, gate, fencing and trees were all installed by prior owners, well over a decade ago. (Ex.5)(Ex.6).

Service to an entry gate, versus a dwelling's door, is ineffective under the N.Y.S. CPLR. *See, e.g.*, *Bank of New York v. Be Be Blond, Ltd.*, 22 A.D.2d 369 (2nd Dept. 1996) (holding that, even where defendant failed to perfect his appeal, the judgment against him is vacated because the court lacked jurisdiction). (Ex.9, p3); *see also McMullen v. Arnone* (2nd Dept. 1981) *Id.*, p2.

Metadata (Ex.14) appears to show Berry drafting the Subpoena on Nov. 2, four days *after* he dated it. The server's affidavit (Ex.4) states attempted service on Oct. 29th. The Court could direct production of photographs of what she affixed to and her communications with Berry.

**B.     Suggestions I was "Resisting" or "Declined" the Subpoena are False**

This will be the 4th deposition Berry has taken of me in the past 7 years. I attested I would "make myself available as a non-party witness"(ECF 221) and that remains true.

Berry calculatedly misled the Court and Judge Glenn that I, alternatively, "declined" or am "resisting" (Ex.12, p1) the Subpoena to create a false narrative while pursuing discovery in both forums. (Ex.12 p3-4,6). There was no need to respond to his October 29th email [242-1] because he agreed to email service (BERRY: "Right") on Oct. 8th (*see* Ex.13, p6 and *Whereas* clause on p2), his subpoena would be So Ordered (Ex.13, p4) and NYSCEF served (Ex.13, p7) and I knew he would (or should have) emailed or called with dates, as he did the prior 3 times before issuing anything. In all events, I never expected he would file a motion before conferring.

The Knopfs' mendacious intimation that I evade service is refuted by my innumerable appearances in state and federal actions during the past 10 years. The Knopfs, MLE, Ltd ("Kinzler" (Ex.1)) and Kehoe/Hassett (deficiency judgment) should know, having collectively filed 20 of these actions, frequently simultaneous proceedings before different judges. *See* Table of Knopf litigations [*Phillips*, ECF 103-2] and (Ex.11) where Your Honor describes the occasion I literally walked into this Court in September 2016, requesting to be sued to ensure due process.

It is not surprising that I have kept my gate always locked since 2013, following a serious threat of physical harassment in Berry's office [*see* eye-witness affidavit and NYC Police Incident Slip, 19-cv-2773, ECF 20-5] and filed a report with Montauk Police days later when a vehicle with a connection to the Manhattan incident was parked outside my home here. This explains why I have insisted subsequent in-person service occurs at the police station. (Ex.12)

**C.     The Court Should Correct the Record and Direct the Knopfs to Set a New Date**

The Court should clarify the record with an Order stating (i.) the evidence demonstrates the **Subpoena was affixed to a wooden gate**, (ii.) this was **ineffective service**, (iii.) Sanford **consents to email service** and his deposition held on either December 3rd, 4th or 7th, 2020.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the annexed exhibits are accurate copies of the documents and that my foregoing statements are true and correct.

Dated:   November 15, 2020                                  Respectfully submitted.
         Montauk, New York

                                                            Michael Hayden Sanford
                                                            *Pro Se* Non-Party Witness

Cc:     All parties *via* CM/ECF