UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X
NORMA KNOPF and MICHAEL KNOPF,

                Plaintiffs,           Case No.  17 Civ. 5833 (DLC)

  - against -

FRANK M. ESPOSITO,                Hon. Denise L. Cote, U.S.D.J.
DORSEY & WHITNEY, LLP,
NATHANIEL H. AKERMAN,
EDWARD S. FELDMAN and
MICHAEL HAYDEN SANFORD,

                                       **DECLARATION**

                Defendants.
-----------------------------------------------------X

      Eric W. Berry, pursuant to 28 U.S.C. §1746, declares under penalty of perjury that the following statement is true and correct:

      1. I am one of the attorneys for plaintiffs Norma and Michael Knopf.

      2. As the Court is aware, the parties are in agreement that the public view versions of certain ECF-filed documents should be redacted, and that the un-redacted versions be filed under seal. (*See* ECF 251.) A proposed order that would grant that relief is annexed as Exhibit 1 and a MS Word (.doc) version of the proposed order will be uploaded by means of the Court's filing system.

      3. The parties' agreement and this motion stem from the December 14, 2020 deposition of Melissa Ringel, who is defendant Frank Esposito's wife. Redacted excerpts from the transcript of her deposition are annexed as Exhibit 2.

      4. During her deposition, Ms. Ringel refused to answer all substantive questions, citing her right against self-incrimination under the Fifth Amendment of the United States Constitution. *E.g.*, Ex., 2, p. 12, lines 21 - p. 13, line 5. Her attorney explained that there was a "criminal

investigation" that was "coextensive" with the allegations in the Knopfs' second amended complaint. *Id.*, p. 11, lines 11 - 19. The parties all have information that is consistent with that comment.

    5. The parties agree that, at least at this junction, it is neither necessary nor appropriate that details concerning the criminal investigation be made a matter of public record. However, the Knopfs are considering moving to compel Ringel's testimony based on a contention that her prior deposition in *Knopf v. Phillips*, 16 Civ 6601 (DLC), a related case, is a testimonial waiver of the right against self-incrimination. Also, while negotiations over discovery are still ongoing, certain defendants have suggested that they may move to compel production of other parties' communications with prosecutors. These possible discovery motions cannot be made without disclosing a substantial amount of information about the criminal investigation.

    6. As the Court may recall, on December 7, 2017 it dismissed certain ancillary state law claims with leave to re-file them in state court. On December 16, 2020, Justice Gerald Lebovits, J.S.C., who is assigned to the state court case, approved relief similar to that which the parties are proposing here. Justice Lebovits' order is annexed as Exhibit 3.

    7. For the foregoing reasons, the motion should be granted in its entirety.

Dated:  New York, New York                     /s/Eric  W. Berry
        December 30, 2020                       Eric W. Berry