```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
NORMA KNOPF and MICHAEL KNOPF,           :    17cv5833(DLC)
                                         :
                    Plaintiffs,          :    ORDER
          -v-                            :
                                         :
FRANK M. ESPOSITO, DORSEY & WHITNEY,     :
LLP, NATHANIEL H. AKERMAN, EDWARD S.     :
FELDMAN, and MICHAEL HAYDEN SANFORD,     :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

In a letter of January 18, 2021, the plaintiffs moved to compel defendant-attorney Edward Feldman to produce his communications with Michael Sanford from December 29, 2015 to July 11, 2017. An Order of January 19 required responsive submissions by January 21. The motion is granted to the following extent.

This motion seeks to enforce the plaintiffs' request for the production of documents. In his December 24, 2020 response to the request, Feldman stated that the requested information is already in the possession of the plaintiffs, is in the possession of a third party, contains confidential information, is irrelevant, and/or is covered by the attorney-client privilege.

The requested information is not privileged to the extent Feldman represented only Pursuit Holdings, LLP ("Pursuit"). Pursuit was one of several companies owned and controlled by Sanford. In a letter of January 21, Feldman contends that he only represented Pursuit and at no point represented Sanford personally. Pursuit has filed for bankruptcy and its Trustee has waived "any attorney-client privilege on behalf of [Pursuit] and will not object to the Knopfs obtaining any documents or testimony in discovery which may otherwise be subject to an attorney-client privilege held by [Pursuit]."

In his letter of January 21, non-party Sanford does not contest that Pursuit's attorney-client privilege was waived by Pursuit's Trustee. Sanford asserts, however, that Feldman functioned as an attorney for Pursuit, for Sanford's other companies, and perhaps for Sanford personally.

Feldman's January 21 letter represents that he has already produced all responsive documents in his possession to the plaintiffs, that the documents are irrelevant, and that they are privileged pursuant to a joint defense agreement. If Feldman has already produced all responsive documents to the plaintiffs, there is no need for this Court to determine who Feldman has represented and whether a further production is warranted. Accordingly, it is hereby

ORDERED that Feldman will disclose by **Monday, January 25, 2021** whether he has already produced to the plaintiffs all the material in his possession that is responsive to the request identified at the beginning of this Order.  If Feldman has withheld from production any communications because he contends that they are privileged or irrelevant, he shall state so clearly.

Dated:   New York, New York
         January 21, 2021

                                    _____
                                              DENISE COTE
                                    United States District Judge