```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
NORMA KNOPF and MICHAEL KNOPF,           :       17cv5833(DLC)
                                         :
                         Plaintiffs,     :      MEMORANDUM AND
             -v-                         :          ORDER
                                         :
FRANK M. ESPOSITO, DORSEY & WHITNEY,     :
LLP, NATHANIEL H. AKERMAN, EDWARD S.     :
FELDMAN, and MICHAEL HAYDEN SANFORD,     :
                                         :
                         Defendants.     :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On December 14, 2020, non-party Melissa Ringel invoked her Fifth Amendment privilege against self-incrimination during her deposition. A little over a month later, the plaintiffs contend Ringel has waived her Fifth Amendment privilege and should be compelled to respond to the questions they posed to her in December. For the following reasons, the plaintiffs' application is denied.

The plaintiffs have brought several related cases. In Knopf v. Phillips, et al., 16-cv-6601 (S.D.N.Y.) (DLC), the Knopfs sued Michael Phillips for fraudulent conveyance in violation of New York law. The Knopfs alleged that Phillips purchased real property located at 44 East 67th Street, Apt. Penthouse C, New York, New York ("the Penthouse") despite knowing that the seller, Michael Sanford, had several agreements

with the Knopfs that prohibited the sale of the Penthouse.  The plaintiffs deposed Ringel in Phillips on August 15, 2017 ("2017 Deposition").  During the 2017 Deposition, the plaintiffs inquired, inter alia, about a telephone conversation in which Ringel participated on January 12, 2016 ("2016 Telephone Call").  Ringel answered the questions.

    The plaintiffs deposed Ringel in the instant action, Esposito, on December 14, 2020 ("2020 Deposition").  In Esposito, the Knopfs have sued attorneys Frank Esposito, Nathaniel Akerman, and Edward Feldman, as well as the law firm Dorsey & Whitney, LLP, for conspiracy to violate 42 U.S.C. § 1983 to deprive the Knopfs of their constitutional right to due process.  The § 1983 claim is based upon the Knopfs' allegations that Sanford hired Esposito knowing that Esposito was married to Ringel, who worked as an attorney at the New York Supreme Court Appellate Division.  The Knopfs allege that Esposito discussed with Ringel a series of orders issued by the Appellate Division related to the Penthouse.  The Knopfs further allege that, as a result of these discussions, Ringel agreed to opine to the defendant attorneys about the Appellate Division's orders regarding the Penthouse during the 2016 Telephone Call and that the effect of the conversation was to eliminate restraints on Sanford's sale of the Penthouse.  In response to the plaintiffs' questions about the 2016 Telephone Call during the 2020

2

Deposition, Ringel invoked her Fifth Amendment privilege against self-incrimination and declined to answer their questions.

The plaintiffs moved on January 19 for an Order overruling Ringel's objections to the deposition questions that were based on the privilege against self-incrimination. On January 22, Ringel filed a letter opposing the plaintiffs' January 19 motion. The only dispute is whether Esposito constitutes the same judicial proceeding as Phillips such that Ringel has waived her privilege against self-incrimination with respect to questions about the 2016 Telephone Call.

A court must "indulge every reasonable presumption against finding a testimonial waiver." Klein v. Harris, 667 F.2d 274, 287 (2d Cir. 1981). Among other things, a testimonial waiver may be inferred only if the prior statements were "voluntarily made under oath in the context of the same judicial proceeding." Id. at 288. "A waiver of the privilege in one proceeding does not affect a witness' rights in another proceeding." United States v. James, 609 F.2d 36, 45 (2d Cir. 1979); see also United States v. Miranti, 253 F.2d 135, 139-40 (2d Cir. 1958). Even when the statements are made in the "same" proceeding, the prior disclosure may not constitute a waiver when "during the period between the successive proceedings conditions might have changed creating new grounds for apprehension . . . ." Miranti, 253 F.2d at 140.

3

Phillips and Esposito do not constitute the same judicial proceeding for the purpose of a testimonial waiver. Phillips and Esposito are separate actions alleging distinct claims against different defendants. Indeed, Ringel is not mentioned in the Amended Complaint in Phillips. Ringel is mentioned in the Second Amended Complaint in Esposito, and her husband is named as a defendant. Additionally, there are "new grounds for apprehension" for Ringel since the 2017 Deposition.

## Conclusion

The plaintiffs' January 19, 2021 motion to compel testimony from Ringel is denied.

Dated:   New York, New York
         January 27, 2021

_____
DENISE COTE
United States District Judge

4