# ESPOSITO, PLLC

515 Madison Avenue
8th Floor
New York, NY 10022
(212) 537-3896

January 28, 2021

**VIA ECF**

Honorable Denise L. Cote
United States District Court, SDNY
500 Pearl Street, Courtroom 18B
New York, NY 10007



Re:   Knopf v. Esposito, No. 17cv5833 (DLC) (SN)

Dear Judge Cote:

Pursuant to this Court's Individual Practices In Civil Cases, Effective December 21, 2020, I am writing to request that the letter attached hereto as Exhibit A be filed with redactions. Allowing the redacted filing is consistent with this Court's Order of January 25, 2021 (ECF #305) in relation to the identical issues, and for the same reasons, presented in the motion of Daniel Horwitz, dated January 22, 2021 (ECF # 294).

Thank you for your time and consideration of this request.

Respectfully submitted,

/s/ Frank Esposito

Frank Esposito

cc (via ECF):  Parties of Record

---

Section 8 of this Court's Individual Practices states that where a motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall electronically file under seal a copy of the unredacted document with the proposed redactions highlighted.

Mr. Esposito must file under seal by February 1 a copy of the unredacted document with the proposed redactions highlighted, or the motion to publicly file the attached letter with redactions will be denied.  1.28.2021.

_____
DENISE COTE
United States District Judge

---

www.eplawllc.com

# ESPOSITO, PLLC

515 Madison Avenue, 8th Floor
New York, NY 10022

January 28, 2021

**VIA ECF**

Honorable Denise L. Cote
United States District Court, SDNY
500 Pearl Street, Courtroom 18B
New York, NY 10007

      Re:    <u>Knopf v. Esposito, No. 17cv5833 (DLC) (SN)</u>

Dear Judge Cote:

      I am writing to request that this case be stayed pending the conclusion of a parallel proceeding by the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Knopfs have previously noted to the parties their objection to any request for such relief. This is my second such request, the Court having granted my first.

      It is well-settled that this Court has the discretion to stay this case. *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir.1986) (citing *SEC v. Dresser Industries*, 628 F.2d 1368, 1375 (D.C.Cir.) (en banc ), *cert. denied*, 449 U.S. 993 (1980)). The discretion arises "because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138–39 (S.D.N.Y. 1995) (citations omitted). The factors to be considered include: "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." *Id*.

      Here, each of the elements militate in favor of a stay. The issues of ▮▮▮▮▮▮▮▮ and this case are essentially identical, with a common nucleus of operative fact flowing from the January 12, 2016 phone call at issue here. Both matters involve whether an escrow order existed when Mr. Sanford sold certain real estate, and whether defendants reasonably believed there was none. Information relevant to both ▮▮▮▮▮▮▮▮ and this matter includes the amount of services I performed on behalf of MH Sanford & Co. and whether I was aware that the First Department repeatedly denied the Knopfs a protectable interest in the real estate at issue. As the complaining witnesses, the Knopfs have provided information discovered from some of the 26 interrelated matters litigated by Mr. Berry. Significantly, information the Knopfs sought in this action to which I asserted a privilege was subsequently sought by ▮▮▮▮▮ who served a subpoena for the same information shortly after I asserted the privilege.



On balance, the prejudice to me far outweighs any potential prejudice to Plaintiffs. First, ▮▮▮ created the conundrum now faced. Mr. Berry has now litigated approximately 26 civil cases with related allegations. A motion to dismiss the parallel state court proceeding, founded on the same allegations, is pending. An award of damages in that case would satisfy any damages the Knopfs allege here. With respect to damages, the Knopfs represented during the January 19th conference before Your Honor that their right to proceeds from PHC's sale stems from their priority over defendants. However, the First Department repeatedly rejected such contention, in July 2015, November 2015, June 2016, November 2017 and more recently, on February 13, 2020, holding, inter alia, "[the Knopfs] do not have an equitable lien on the funds [from PHC's sale at issue]. . . ."[1] Lastly, it should be noted that I have already given hours of testimony on the matters at issue here and responded to numerous subpoenas in numerous other actions litigated by Mr. Berry.

This case should be stayed to allow ▮▮▮ to resolve. In the alternative, discovery should be enlarged to allow my deposition to take place at a time when ▮▮▮ will hopefully have resolved. Alternatively, this Court should issue a declaratory order that ▮▮▮.

Thank you for your time and consideration of this request.

Respectfully submitted,

/s/ Frank Esposito

Frank Esposito

cc (via ECF): Parties of Record
Encl.

---

[1] See, Ex. A hereto; See, also, See, Knopf v. Sanford, et al., 132 A.D. 3d 416 (1st Dept. 2015) (holding notices of pendency were properly cancelled because the Knopfs failed to show money damages would be inadequate, and remanding for hearing on costs and sanctions against the Knopfs).

# EXHIBIT A

Richter, J.P., Manzanet-Daniels, Gesmer, Singh, JJ.

11032     In re Norma Knopf, et al.,     Index 153821/19
            Petitioners-Respondents,

                -against-

            Feldman & Associates, PLLC, etc., et al.,
                Respondents,

            Esposito PLLC, doing business as
            Esposito Partners, PLLC, et al.,
                Respondents-Appellants.
_____

Esposito, PLLC, New York (Frank Esposito of counsel), for appellants.

Berry Law, PLLC, New York (Eric W. Berry of counsel), for respondents.
_____

     Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about July 11, 2019, which, to the extent appealed from, granted the petition to compel respondents Esposito PLLC d/b/a Esposito Partners, PLLC and Frank Esposito to turn over certain funds, unanimously reversed, on the law, without costs, and the petition dismissed.

     Petitioners failed to show that their right to the funds in question was superior to that of respondents (see CPLR 5225[b]). Contrary to petitioners' contention, respondents did not take the funds in violation of any order of this Court.

     Petitioners do not have an equitable lien on the funds, because the debtor spent the money on services that were

71

contracted for (see *Montanile v Board of Trustees of Natl. El. Indus. Health Benefit Plan*, __, US __, 136 SCt 651, 658 [2016]).

We decline to consider petitioners' fraudulent conveyance theories, raised for the first time on appeal, because the issues are intensely fact-bound and cannot be resolved on the existing record (see *Facie Libre Assoc. I, LLC v SecondMarket Holdings, Inc.*, 103 AD3d 565 [1st Dept 2013], *lv denied* 21 NY3d 866 [2013]).

Contrary to respondents' contention, petitioners' claims are not barred by the doctrine of collateral estoppel (see *Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: FEBRUARY 13, 2020

_____
CLERK