```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
NORMA KNOPF and MICHAEL KNOPF,           :      17cv5833(DLC)
                                         :
                    Plaintiffs,          :   MEMORANDUM OPINION
              -v-                        :       AND ORDER
                                         :
FRANK M. ESPOSITO, DORSEY & WHITNEY,     :
LLP, NATHANIEL H. AKERMAN, EDWARD S.     :
FELDMAN, and MICHAEL HAYDEN SANFORD,     :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

In a letter of January 28, 2021, defendant Frank Esposito requests that this case be stayed or in the alternative that his deposition, which is scheduled to be taken shortly, be stayed pending the outcome of an ongoing criminal investigation by a local prosecutor's office.  While no other defendant has requested a stay, only the plaintiffs have opposed Esposito's request.

"[T]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. Nevertheless, a court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action."  Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) (citation omitted).  See also Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 98 (2d Cir. 2012).  A stay may be

entered to address the interests of a defendant who faces the choice of being prejudiced in the civil litigation if he asserts his Fifth Amendment rights or prejudiced in the criminal litigation if those rights are waived.  United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y., 55 F.3d 78, 84 n.6 (2d Cir. 1995).  In deciding whether to enter a stay, courts in the Second Circuit consider numerous factors, including:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

Louis Vuitton, 676 F.3d at 99.

Esposito has not demonstrated that the interests of justice require a stay, nor has he shown that the relevant factors weigh in favor of a stay.  Esposito has already provided hours of testimony in a related case and produced documents on the issues being explored in this lawsuit.  While the issues in the criminal matter and this action overlap, the prosecutor has not requested a stay or joined in this request for a stay, and Esposito has presented nothing regarding the status of the criminal investigation to suggest that any prosecutorial decision is imminent.  While the fact that the plaintiffs appear

to have initiated the criminal investigation weighs in favor of the stay, that factor does not overcome the balance of the other interests that favor the completion of this lawsuit.

This lawsuit is part of litigation that has been ongoing since 2009. As an individual action, it has been proceeding since 2017. It is nearing the end of discovery; the plaintiffs' motion for summary judgment is due on March 12. It is in the interest of the court, the public, and all parties involved to conclude this action. Should he decide to invoke his Fifth Amendment privilege, Esposito may renew his request that no adverse inference be drawn from that invocation at the time the plaintiffs or another party request that such an inference be drawn.

## Conclusion

Esposito's January 28, 2021 application for a stay is denied.

Dated:   New York, New York
         February 3, 2021

_____
DENISE COTE
United States District Judge

3