```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
NORMA KNOPF and MICHAEL KNOPF,           :    17cv5833(DLC)
                                         :
                    Plaintiffs,          :    OPINION AND ORDER
              -v-                        :
                                         :
FRANK M. ESPOSITO, DORSEY & WHITNEY,     :
LLP, NATHANIEL H. AKERMAN, EDWARD S.     :
FELDMAN, and MICHAEL HAYDEN SANFORD,     :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

Appearances:

For the plaintiffs:
Eric Berry
Eric W. Berry, PC
5 Columbus Circle, 8th Floor
New York, NY 10022

Gary Greenberg
Gary Greenberg, Esq.
666 Fifth Avenue, 27th Floor
New York, NY 10103

For non-party witness Melissa Ringel
Daniel Horwitz
Tracy Burnett
McLaughlin and Stern, LLP
260 Madison Ave.
New York, NY 10016

DENISE COTE, District Judge:

On January 22, 2021, non-party Melissa Ringel refused to produce certain telephone records to the plaintiffs on the ground that the production was protected under the Fifth Amendment. In a letter of January 28, the plaintiffs moved to

compel Ringel to produce the records.  The motion to compel is granted.

"The Fifth Amendment provides that no person shall be compelled in a criminal case to be a witness against himself." United States v. Fridman, 974 F.3d 163, 174 (2d Cir. 2020). This privilege does not apply ordinarily to "documents voluntarily prepared prior to the issuance of a summons."  Id. Because the documents are "not compelled testimony", there is "no Fifth Amendment protection for the contents of these records."  Id.

In Fisher v. United States, 425 U.S. 391 (1976), the Supreme Court held that a taxpayer possessed no Fifth Amendment privilege over his accountant's workpapers in the taxpayer's attorneys' possession, even where those papers might incriminate the taxpayer "on their face".  Id. at 409.  The production of the papers pursuant to a subpoena "does not compel oral testimony; nor would it ordinarily compel the taxpayer to restate, repeat, or affirm the truth of the contents of the documents sought."  Id.  Accordingly, the Court concluded that the taxpayer "cannot avoid compliance with the subpoena merely by asserting that the item of evidence which he is required to produce contains incriminating writing, whether his own or that of someone else."  Id. at 410.

Yet the Supreme Court has recognized a "narrow" privilege for the act of production, because producing documents may "tacitly concede[] the existence of the papers demanded and their possession or control" by the person turning them over. Fridman, 974 F.3d at 174 (quoting Fisher, 425 U.S. at 410). The act of production privilege accounts for the fact that "the witness's simple act of producing the documents could be used against the witness -- for example, in those cases when the simple fact that the witness possessed the documents would be incriminating." In re Grand Jury Subpoena, 741 F.3d 339, 343 (2d Cir. 2013). A determination of whether the act of production communicates an incriminatory statement, and is thus protected, depends on the "facts and circumstances of particular cases." Fridman, 974 F.3d at 174 (quoting Fisher, 425 U.S. at 410-11).

The Supreme Court addressed the act of production privilege at greater length in United States v. Hubbell, 530 U.S. 27 (2000). Hubbell held that the Fifth Amendment privilege protects a witness "from being compelled to disclose the existence of incriminating documents that the Government is unable to describe with reasonable particularity." Id. at 30. The witness had produced over 13,000 pages of documents in response to a grand jury subpoena that called for the production of 11 categories of documents. Based in part on the information

3

gleaned from that production, the witness was charged with tax and fraud crimes.  Id. at 31.

In contrast to Fisher, where the existence and location of the accountant's workpapers were a "foregone conclusion," id. at 44 (citation omitted), the Government had not shown "any prior knowledge of either the existence or the whereabouts of the 13,120 pages of documents" Hubbell produced.  Id at 45.  Additionally, "[i]t was unquestionably necessary for [Hubbell] to make extensive use of the contents of his own mind in identifying the hundreds of documents responsive to the requests in the subpoena."  Id. at 43 (citation omitted).  The Court opined that the Fifth Amendment protects an individual "from being compelled to answer questions designed to elicit information about the existence of sources of potentially incriminating evidence."  Id. at 43.

In United States v. Greenfield, 831 F.3d 106 (2d Cir. 2016), the Court of Appeals examined whether a taxpayer's refusal to comply with an Internal Revenue Service ("IRS") summons for certain bank documents was "more like Fisher or Hubbell."  Id. at 116.  The court held that the "critical issue" in determining whether the act of producing the documents would violate the individual's Fifth Amendment rights is whether the Government can prove that it is a "foregone conclusion" that the documents existed, were in the person's control, and could be

independently authenticated by the Government.  Id. at 118-19.  When the "communicative elements -- (1) the existence of the documents, (2) the taxpayer's possession or control of the documents and (3) the authenticity of the document -- were a foregone conclusion," the case resembled Fisher, and the act of production privilege did not apply.  Id. at 115.  The Court held that while the Government met the existence and control prongs of the exception, it had not shown that it was a foregone conclusion that the Government would be able independently to authenticate the bank documents.  Id. at 119-20.

Finally, the Court of Appeals recently rejected the assertion of the Fifth Amendment privilege by a taxpayer resisting production pursuant to an IRS subpoena of bank account and other documents, including account statements and checks.  Fridman, 974 F.3d at 170-71.  The court analyzed the three prongs of the foregone conclusion doctrine outlined in Greenfield.  As to the existence of the documents, it noted that "[w]hen a summons seeks customary account documents . . . that the Government knew existed, the documents' existence is a foregone conclusion."  974 F.3d at 175 (citation omitted).  Additionally, it observed that "an individual's ability or authority to receive the requested documents is an essential part of being able to control the documents."  Id. (citation omitted).  Finally, it concluded that documents may be

5

"implicitly authenticated" if "the Government establishes that those documents are in fact what they purport to be and the taxpayer was not forced to use his discretion in selecting the responsive documents."  Id. (citation omitted).  The Government could also "independently" establish authenticity in several ways, such as "through the testimony of third parties familiar with that type of document."  Id.  Thus, the Court affirmed the district court's ruling that the foregone conclusion doctrine provided an exception to the act of production privilege.

The plaintiffs have subpoenaed Ringel for bills or invoices received from service providers reflecting calls placed and received on January 8 and from January 11 through January 14, 2016 for two telephone numbers, as well as the telephone records cited in a letter of February 1, 2018 from Ringel's attorney to the Deputy Inspector General at the New York Unified Court System's Inspector General's Office ("IG").  The telephone numbers are for Ringel's home telephone number and cellphone number.  The parties debate whether the act of production privilege applies to these records and whether the foregone conclusion exception nonetheless requires their production.

The burden of showing the existence of a privilege to excuse compliance with the subpoena rests on Ringel.  United States v. Pugh, 945 F.3d 9, 18 (2d Cir. 2019).  It is undisputed that there is no Fifth Amendment privilege that attaches to the

6

records themselves.  Ringel's telephone records were created by a third party and do not constitute her compelled testimony. Nor has Ringel explained how the act of producing telephone records created by a service provider for her telephone numbers could incriminate her.  It is not incriminating to possess your own telephone records or to receive them from a telephone company.  Thus, this case more closely resembles <u>Fisher</u> than <u>Hubbell</u>.  Ringel does not need to make extensive use of the contents of her own mind in identifying the very specifically described telephone records that the plaintiffs seek.

Even if Ringel had shown that the act of production privilege applied here, the foregone conclusion exception to that privilege would also apply.  The existence, control, and authenticity of the telephone records are a foregone conclusion. The plaintiffs can confirm that the telephone records exist and can authenticate them through the telephone company that created them.  Finally, Ringel's ability to receive the records from the telephone company demonstrates her control over those records.

Ringel makes four arguments in support of her invocation of her Fifth Amendment privilege.  She argues that the records may be incriminating in that they could trigger an investigation into the accuracy of the extensive testimony that she previously gave to the IG.  But this fear is not tied to the act of producing the records.  Rather, it stems if at all from her

7

prior testimony, which is not the subject of this subpoena, and from the contents of the telephone records, which are not protected by the Fifth Amendment.  Fridman, 974 F.3d at 174.

Ringel next argues that the plaintiffs cannot prove that she currently has possession of the records they seek.  The foregone conclusion exception, however, does not require the party seeking the documents to prove in advance that the subpoenaed party has maintained the records through to the date of the subpoena.  Ringel's control of the telephone number makes it a foregone conclusion that she is the person who receives and controls receipt of the telephone records.  See Greenfield, 831 F.3d at 119-20.

Ringel also argues that plaintiffs have not shown that they can authenticate the records "through a prior version they already possess."  The foregone conclusion exception does not require such a showing.

Finally, Ringel contends that the foregone conclusion exception fails because the plaintiffs can obtain the documents from the telephone company.  The foregone conclusion exception does not include an exhaustion requirement.  Whether or not the telephone company currently has the 2016 telephone records sought through the subpoena, the plaintiffs are under no obligation to seek them from the service provider first before seeking them from the account holder.

## **Conclusion**

The plaintiffs' January 28 application is granted. Ringel shall produce to the plaintiffs by **February 8, 2021** the telephone records in her possession or under her control that are responsive to the subpoena.


Dated:    New York, New York
          February 5, 2021

                                    _____
                                           DENISE COTE
                                    United States District Judge