

ANTHONY P. BADARACCO
Partner
(212) 415-9354
FAX (212) 658-9569
badaracco.anthony@dorsey.com

February 12, 2021

**By ECF**

Honorable Denise Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007



Re: *Knopf v. Esposito*, 17-cv-5833 (DLC) (SN)

Dear Judge Cote:

I write on behalf of Defendants Dorsey & Whitney LLP ("Dorsey") and Nathaniel H. Akerman (together, the "Dorsey Defendants"). Pursuant to this Court's February 12, 2021 Order (Dkt. No. 347) and Section 8 of this Court's Individual Practices, we respectfully move this Court for approval to redact and concurrently file under seal the Dorsey Defendants' response to Plaintiffs' motion for a protective order (Dkt. No. 344). Redaction and sealing is appropriate for the reasons presented to this Court in the motions granted in the Court's Orders at Dkt. Nos. 284, 305, 318, and 348. A redacted version of the Dorsey Defendants' response is enclosed.

Respectfully submitted,

*/s/ Anthony P. Badaracco*
Anthony P. Badaracco

cc:     All Parties (by ECF)

The motion to redact is denied.
The unredacted version of the
defendants' letter is now
available on the public docket.
2.14.2021.

DENISE COTE
United States District Judge



ANTHONY P. BADARACCO
Partner
(212) 415-9354
FAX (212) 658-9569
badaracco.anthony@dorsey.com

February 12, 2021

**By ECF**

Honorable Denise Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

      Re: *Knopf v. Esposito*, 17-cv-5833 (DLC) (SN)

Dear Judge Cote:

Pursuant to this Court's Rule 2(C), I write on behalf of Defendants Dorsey & Whitney LLP ("Dorsey") and Nathaniel H. Akerman (together, the "Dorsey Defendants") in opposition to Plaintiffs' motion for a protective order (Dkt. No. 344) and with a cross-motion to compel production of documents responsive to RFP 1 in the Dorsey Defendants' second set of requests for production (Exhibit A, enclosed). The parties met and conferred to discuss the issue in November, then again on December 18, 2020, and then again on February 11, 2021.

The Dorsey Defendants served Exhibit A on January 11, 2021. Among other things, the Dorsey Defendants requested that Plaintiffs produce "all Documents and Communications concerning any investigation by any New York state or federal governmental office, department, or agency concerning the January 12, 2016 call to Melissa Ringel and/or any allegations that any party or former party in this case violated federal or state criminal law, civil law, or any ethical rule." These documents are directly relevant to the Knopfs' motive and bias in prosecuting this case and their efforts to force certain co-defendants to assert their Fifth Amendment privilege to impugn the other defendants in this case. In response, Plaintiffs have refused to produce responsive documents based on their assertion of the common-interest privilege and work-product protection. Dkt. No. 344-2, at 2–3. Neither privilege applies here. Plaintiff should be compelled to produce the documents, especially in light of (a) Plaintiffs' status as complaining witnesses in ████████████████████ and the OCA investigation at issue, and (b) their reciprocal request to the Dorsey Defendants for identical documents (which have been produced, and which Plaintiffs have already used as exhibits at a subsequent deposition).

A party asserting work product protection bears the burden of demonstrating that the doctrine applies and that it has not been waived. *See In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007). The protection is not necessarily forfeited when a party is compelled to disclose documents to a government agency, but it is "lost when a party simply makes a voluntary submission of material to a government agency to incite it to attack the informant's adversary." *U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3*, 2002 U.S. Dist. LEXIS 19363, at *11 (S.D.N.Y. Oct. 11, 2002) (citations committed) (finding

plaintiff waived work product protection where it "made an unsolicited, uncompelled disclosure of the information to the District Attorney's Office"); *Bank of Am., N.A. v. Terra Nova Ins.* Co., 212 F.R.D. 166, 172–73 (S.D.N.Y. 2002) ("Disclosing information to governmental authorities in the hope that they will attack an adversary . . . cannot be said to be done in the pursuit of . . . trial preparation. . . . Thus, disclosure in such a situation results in a waiver of the work product protection.") (quotations omitted); *cf. In re Steinhardt Partners*, *L.P.*, 9 F.3d 230, 234–36 (2d Cir. 1993) (selective, voluntary disclosure of work product to SEC waived protection).

The common-interest privilege "is a limited exception to the general rule that the attorney-client privilege is waived when a protected communication is disclosed to a third party outside the attorney-client relationship." *Bruker v. City of New York,* No. 93 Civ. 3848, 2002 U.S. Dist. LEXIS 5334, at *4 (S.D.N.Y. March 29, 2002) (citation omitted). The privilege applies only where the parties and the government share a common interest. Tellingly, plaintiffs provide nothing from the ▮▮▮▮▮▮▮▮▮▮▮▮▮ suggesting that ▮▮▮ agrees it has a common-interest relationship with them. The provision of documents to a government agency in an effort to secure its assistance, or to encourage it to initiate an investigation against a party's adversary in civil litigation, is not privileged. *Spanierman Gallery v. Merritt*, 2003 U.S. Dist. LEXIS 22141, at *9 (S.D.N.Y. Dec. 5, 2003) (transmission to the FBI substantially increased the likelihood that privileged information would be secured by Defendant's adversaries because the documents were not identified as "privileged," and no agreement was reached to treat them as such).

Here, similarly, Plaintiffs (through their counsel) voluntarily communicated with the ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ into the January 12, 2016 call to Melissa Ringel. Dkt. No. 344-2, at 2–3 ("requests Eric Berry made on behalf of the Knopfs for an investigation"). Plaintiffs, however, do not allege that they entered into an agreement with ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮ or the OCA office or that they identified any of the documents as privileged. Furthermore, Plaintiffs requested communications between the Dorsey Defendants and ▮▮▮▮▮▮▮▮▮ ▮▮. On January 8, 2021, the Dorsey Defendants produced them. As if that were not enough to demonstrate the futility of Plaintiffs' privilege objections, at Mr. Akerman's February 5, 2021 deposition in this case, Plaintiffs marked some of those communications as exhibits and questioned Mr. Akerman about them.

Under these circumstances—because Plaintiffs are the complaining witnesses in ▮▮▮▮▮ ▮▮▮▮▮ and OCA investigations and do not assert that they have any sort of privilege agreement with respect to the documents and communications at issue, Plaintiffs issued a reciprocal request for identical communications from the Dorsey Defendants, who produced them, and Plaintiffs have already used those communications in discovery—Plaintiffs cannot meet their burden of showing that work product protection or the common interest privilege protects their communications with ▮▮▮▮▮▮▮▮▮▮▮▮▮ and OCA. The requested documents and communications should be promptly produced.

Respectfully submitted,

*/s/ Anthony P. Badaracco*
Anthony P. Badaracco

cc:     All Parties (by ECF)