```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
NORMA KNOPF and MICHAEL KNOPF,           :    17cv5833(DLC)
                                         :
                      Plaintiffs,        :    MEMORANDUM OPINION
           -v-                           :        AND ORDER
                                         :
FRANK M. ESPOSITO, DORSEY & WHITNEY,     :
LLP, NATHANIEL H. AKERMAN, EDWARD S.     :
FELDMAN, and MICHAEL HAYDEN SANFORD,     :
                                         :
                      Defendants.        :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

The plaintiffs have moved to compel non-party Michael Sanford to produce records of his communications with attorney-defendant Edward Feldman. The parties dispute whether those communications are covered by the attorney-client privilege. For the following reasons, the motion to compel is granted in part.

## Background

On July 30, 2020, discovery was scheduled to conclude in this action on February 19, 2021. Plaintiffs' summary judgment motion is due March 12.

On February 12, the plaintiffs moved to compel Sanford to produce records of his communications with Feldman from October 22, 2015 to July 11, 2017. Sanford represents that he was not properly served with the February 12 motion to compel on

February 12.  On February 19, having been served, he responded to the motion in two separate submissions.

It is undisputed that Feldman represented Sanford's company, Pursuit Holdings, LLP ("Pursuit"), and that the trustee in Pursuit's bankruptcy proceeding has waived the attorney-client privilege for such communications.  While Feldman has stated that he only represented Pursuit, Sanford contends that Feldman also represented Sanford personally and other Sanford entities in their dispute with the plaintiffs.  Sanford has provided on January 21 and February 19 statements to this Court regarding the basis for his assertion that Feldman did not represent only Pursuit.  In a letter of January 21, Feldman stated that he only represented Pursuit and "never represented Mr. Sanford and/or any of his other entities in any litigation or other matters."

## Discussion

"The burden of establishing the applicability of the [attorney-client] privilege rests with the party invoking it." In re Cty. of Erie, 473 F.3d 413, 418 (2d Cir. 2007).  See also United States v. Pugh, 945 F.3d 9, 18 (2d Cir. 2019).  The existence of an attorney-client relationship depends on a number of factors, including:

> 1) whether a fee arrangement was entered into or a fee paid; 2) whether a written contract or retainer agreement exists indicating that the attorney accepted

representation; 3) whether there was an informal relationship whereby the attorney performed legal services gratuitously; 4) whether the attorney actually represented the individual in an aspect of the matter (e.g., at a deposition); 5) whether the purported client believed that the attorney was representing him and whether this belief was reasonable.

Lebetkin v. Giray, No. 18CV8170 (DLC), 2018 WL 6591252, at *6 (S.D.N.Y. Dec. 14, 2018) (citation omitted) (applying New York law).  With respect to the last criterion, "one party's unilateral beliefs and actions do not confer upon him or her the status of client."  Solondz v. Barash, 639 N.Y.S.2d 561, 564 (3rd Dep't 1996).

The critical events in this § 1983 lawsuit took place between October 2015 and February 2016.[1]  It is undisputed that Feldman represented Pursuit during that period in connection with the dispute at issue in the lawsuit:  the sale of a penthouse apartment and the dispersal of the proceeds from that sale.  Sanford has not met his burden of establishing that Feldman separately represented anyone other than Pursuit during

---

[1] The plaintiffs' motion to compel discovery of Sanford's communications with Feldman after February 2016 is denied as untimely given the longstanding discovery cut-off of February 19 and the insufficient showing of relevance.  The further removed from February 2016 the request is, the more complex the representation issues become.

that time period.² With respect to the first and second factors, Sanford has not presented evidence of any fee arrangement or a written agreement demonstrating Feldman's representation of Sanford or a company other than Pursuit. As to the fourth factor, Sanford has not explained how Feldman represented him or any entity other than through his representation of Pursuit. As to the fifth factor, while Sanford now states that he understood himself to be in an attorney-client relationship with Feldman, he has not presented any evidence that he believed that to be true during the operative time period or that the representation was separate from Feldman's representation of Pursuit. The third factor is not relevant to this dispute.

Finally, even if the attorney-client privilege applied to Sanford's communications with Feldman during the operative time period, Sanford has spoken, written, and testified about these communications extensively in connection with Feldman's representation of Pursuit and the penthouse transaction. As a result, to the extent he had an attorney-client privilege with Feldman, Sanford has waived it.

---

² Even if Sanford had a common interest in Feldman's representation of Pursuit, Pursuit has waived its attorney-client privilege.

**Conclusion**

The motion to compel is granted with respect to communications between Sanford and Feldman made from October 2015 through February 2016. Sanford must produce those communication to plaintiffs by **Friday, February 26, 2021,** with the following exception. If Sanford believes any individual communication in that time period arose from Feldman's representation of Sanford personally or an entity other than Pursuit as distinguished from Feldman's representation of Pursuit, Sanford may withhold production of that document and submit that communication to this Court for in camera review by **March 1, 2021 at noon.**

Dated:   New York, New York
         February 23, 2021

_____
DENISE COTE
United States District Judge