```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
NORMA KNOPF and MICHAEL KNOPF,           :   17cv5833(DLC)
                                         :
                     Plaintiffs,         :   MEMORANDUM OPINION
             -v-                         :        AND ORDER
                                         :
FRANK M. ESPOSITO, DORSEY & WHITNEY,     :
LLP, NATHANIEL H. AKERMAN, EDWARD S.     :
FELDMAN, and MICHAEL HAYDEN SANFORD,     :
                                         :
                     Defendants.         :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

In a letter of February 15, 2021, the plaintiffs move to compel non-party attorney Matt Bronfman to produce communications between himself and his client, non-party Michael Phillips, and co-counsel Lori Braverman that occurred on January 7 and 11, 2016.  The plaintiffs do not dispute that the communications are subject to the attorney-client privilege but contend that the crime-fraud exception permits discovery.

This action, which arises under § 1983, asserts that the defendants violated the plaintiffs' constitutional rights by conspiring to corrupt a state court official to eliminate any restraints on the sale of a penthouse or on distribution of the proceeds of any such sale.  Discovery was scheduled to close on February 19, and summary judgment motions are due March 12.

Phillips is the defendant in the related case, Knopf v. Phillips, 16-cv-6601 ("Phillips").  In Phillips, the Knopfs sue Phillips for fraudulent conveyance of the penthouse in violation of New York law.  The Knopfs allege that Phillips purchased the penthouse despite knowing that the seller, Michael Sanford, was not legally authorized to sell it.  The Knopfs contend that the email communications may discuss a court order of December 29, 2015 that is relevant to the sale and their theory of liability in both actions.  The Knopfs argue that Phillips and his attorneys concealed that order from a title company.  Finally, the Knopfs argue that Phillips' knowledge of the December 29 order is relevant to the motives of Sanford's attorneys, who are defendants in the instant lawsuit, in placing a telephone call to the court employee.

Phillips argues that the plaintiffs have not met their burden of showing that there is probable cause that the communications they seek were in furtherance of a crime or fraud.  He also argues that the requested communications are irrelevant to this lawsuit and only pertain to the claims in Phillips.  He requests, in any event, in camera review of the subpoenaed materials before requiring their production.  Discovery was concluded long ago in the Phillips action.  There was no motion to compel this discovery from Bronfman during the period for discovery in the Phillips action.

2

"It is indisputable that communications made in furtherance of an ongoing crime are not protected by the attorney-client privilege."  In re John Doe Corp., 675 F.2d 482, 491 (2d Cir. 1982).  "[T]he crime-fraud exception does not apply simply because privileged communications would provide an adversary with evidence of a crime or fraud . . . .  Instead, the exception applies only when the court determines that the client communication . . . in question was itself in furtherance of the crime or fraud."  In re Richard Roe, Inc., 68 F.3d 38, 40 (2d Cir. 1995).

The party "seeking to overcome the attorney-client privilege with the crime-fraud exception must show that there is probable cause to believe that a crime or fraud has been committed and that the communications were in furtherance thereof."  In re John Doe, Inc., 13 F.3d 633, 637 (2d Cir. 1994) (citation omitted).  In other words, the party must show "that a prudent person [would] have a reasonable basis to suspect the perpetration or attempted perpetration of a crime or fraud, and that the communications were in furtherance thereof."  Id. (citation omitted).  "Such communications are properly excluded from the scope of the privilege even if the attorney is unaware that his advice is sought in furtherance of such an improper purpose."  In re Grand Jury Subpoena Duces Tecum Dated Sept. 15,

1983, 731 F.2d 1032, 1038 (2d Cir. 1984). See also Clark v. United States, 289 U.S. 1, 15 (1933).

In Knopf v. Phillips, 802 F. App'x 639, 643-44 (2d Cir. 2020), the Second Circuit reinstated the Phillips action following this Court's grant of summary judgment to the defendant. The court found that the plaintiffs "submitted evidence supporting their allegations that Phillips: (1) was familiar with the details of the state court litigation (including that the Knopfs had obtained summary judgment on their breach of contract claim); (2) knew of the various court orders that had restricted the sale of the [penthouse]; and (3) actively prevented his title company from learning all of the details of the state court litigation." Id.

For several reasons, this motion to compel is denied. It is too late in the day for the plaintiffs to bring this motion to compel in this action. The plaintiffs have not shown a sufficient connection between the discovery they seek from Phillips' attorneys and their claims in the § 1983 action. The plaintiffs have obtained discovery directly from the title company and have not disputed Bronfman's description of that evidence. As Bronfman explains, it was Sanford -- and not Phillips -- who was the avenue through which the title company received material information. If Bronfman's evidence were indeed critical, the plaintiffs would have brought a motion to

4

compel it when they pursued discovery in Phillips.  They have failed to carry their burden to show probable cause for breaching the privilege, sufficient relevance to the § 1983 claim, or adequate diligence to require an in camera review and further litigation at this stage of the instant lawsuit.

Dated:    New York, New York
          February 23, 2021

```
                         _____
                               DENISE COTE
                         United States District Judge
```

5