```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
NORMA KNOPF and MICHAEL KNOPF,           :    17cv5833(DLC)
                                         :
                       Plaintiffs,       :    MEMORANDUM OPINION
                -v-                      :        AND ORDER
                                         :
FRANK M. ESPOSITO, DORSEY & WHITNEY,     :
LLP, NATHANIEL H. AKERMAN, EDWARD S.     :
FELDMAN, and MICHAEL HAYDEN SANFORD,     :
                                         :
                       Defendants.       :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On February 18 and March 1, 2021, the plaintiffs filed notices of acceptance of two Rule 68 offers of judgment. Both Rule 68 offers state that "interest, costs including attorneys' fees, and disbursements [will] be determined after acceptance of this offer." On February 26 and March 1, the plaintiffs filed motions for entry of judgment under Rule 54(b).

"The critical feature of [Rule 68] is that the offer be one that allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued." Marek v. Chesny, 473 U.S. 1, 6 (1985). "[I]f the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of [Rule 68] to include in its judgment an additional amount which in its discretion it determines to be sufficient to cover

the costs." Id.  "As long as the offer does not implicitly or explicitly provide that the judgment not include costs, a timely offer will be valid."  Id.  See also Steiner v. Lewmar, Inc., 816 F.3d 26, 36 (2d Cir. 2016).  These requirements "appl[y] to attorneys' fees when such fees are included within the definition of costs in the relevant statute."  Barbour v. City of White Plains, 700 F.3d 631, 633 (2d Cir. 2012) (per curiam).  See also Horowitz v. 148 S. Emerson Assocs. LLC, 888 F.3d 13, 25 (2d Cir. 2018) (the term "costs" in Rule 68 refers to all costs properly awardable under relevant statute).  Pursuant to 42 U.S.C. § 1988, a prevailing party in a § 1983 action may be awarded attorney's fees "as part of the costs."  42 U.S.C. § 1988.

    Additionally, a "district court may utilize its Rule 54(b) powers with respect to a given claim only if all damages stemming from that claim have been fixed."  Int'l Controls Corp. v. Vesco, 535 F.2d 742, 748 (2d Cir. 1976).  A district court cannot "treat as final that which is not final within the meaning of 28 U.S.C. § 1291."  Cinerama, Inc. v. Sweet Music, S. A., 482 F.2d 66, 69 (2d Cir. 1973) (citation omitted).  For example, "a district court could not endow with finality a judgment which determined the merits of all of the contentions asserted by parties but had not yet fixed the damages sought by the prevailing ones."  Id.  In Cinerama, the Court of Appeals

determined that a Rule 54(b) judgment could not be entered as to the amount of principal owed when the prevailing party also sought prejudgment interest.  Id.  It noted that this principle applied with equal force when the unresolved damages were attorney's fees.  Id. at 70.  "The final judgment rule is designed not merely to prevent an appeal on an issue concerning which the trial court has not yet made up its mind beyond possibility of change but also to eliminate the need for separate appellate consideration of different elements of a single claim."  Id.

Since both Rule 68 offers of judgment contemplate that an award of interest, costs including attorneys' fees, and disbursements, will be determined at a later time, it is hereby

ORDERED that the plaintiffs' February 26 and March 1 motions for entry of judgment under Rule 54(b) are denied.


Dated:   New York, New York
         March 1, 2021


_____
              DENISE COTE
       United States District Judge

3