UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
NORMA KNOPF and MICHAEL KNOPF,         :        17cv5833(DLC)
                                       :
                     Plaintiffs,       :    OPINION AND ORDER
          -v-                          :
                                       :
FRANK M. ESPOSITO, DORSEY & WHITNEY,   :
LLP, NATHANIEL H. AKERMAN, EDWARD S.   :
FELDMAN, and MICHAEL HAYDEN SANFORD,   :
                                       :
                     Defendants.       :
                                       :
-------------------------------------- X

Appearances

For the plaintiffs:
Eric Berry
Eric W. Berry, PC
5 Columbus Circle, 8th Floor
New York, NY 10022

Gary Greenberg
Gary Greenberg, Esq.
666 Fifth Avenue, 27th Floor
New York, NY 10103

For defendant Frank M. Esposito:
Frank Esposito
Esposito Partners
175 Madison Avenue, 14th Floor
New York, NY 10016

DENISE COTE, District Judge:

     For the following reasons, having unambiguously

communicated their rejection of a Rule 68 offer of judgment, the

plaintiffs cannot thereafter reverse course and obtain the

benefits of that same offer of judgment.  This is true even when

that acceptance is communicated within the 14-day period provided by Rule 68.  See Fed. R. Civ. P. 68.

In this action, the plaintiffs are pursuing a single claim pursuant to 42 U.S.C. § 1983 against the defendants for a violation of their due process rights.  They contend that the defendants conspired to corrupt a state court official in connection with their litigation against Michael Sanford and entities he controlled.

This case was filed in 2017 and is but one of a spate of lawsuits arising out of commercial arrangements between the plaintiffs and Sanford.  As its filing date suggests, this case has had a long and tortuous history, which is set forth in several prior Opinions.  See Knopf v. Esposito, No. 17CV5833(DLC), 2018 WL 3579104 (S.D.N.Y. July 25, 2018); Knopf v. Esposito, No. 17CV5833(DLC), 2018 WL 1226023 (S.D.N.Y. Mar. 5, 2018); Knopf v. Esposito, No. 17CV5833 (DLC), 2017 WL 6210851 (S.D.N.Y. Dec. 7, 2017).  For purposes of this Opinion, the critical facts are that fact discovery closed on February 19, 2021, and the plaintiffs' summary judgment motion is due March 12.

On February 4, 2021, defendants Nathaniel Akerman and Akerman's law firm Dorsey & Whitney LLP (the "Dorsey Defendants") made an offer of judgment to the plaintiffs pursuant to Rule 68.  The plaintiffs filed a notice of

acceptance of the Dorsey Defendants' offer of judgment on
February 18.

On February 17, defendant Frank Esposito also made an offer
of judgment to the plaintiffs.  Esposito, who is an attorney, is
proceeding pro se.  On February 18, plaintiffs' attorney Eric
Berry emailed Esposito stating that the plaintiffs would not be
accepting the offer of judgment.  Esposito immediately followed
up, asking, "to be clear, you have rejected the offer or are not
accepting it at this time?"  Berry responded unequivocally that
the plaintiffs were rejecting Esposito's offer of judgment.

On March 1, the plaintiffs filed a Notice of Acceptance of
Esposito's offer of judgment.  The notice was given within 14
days of Esposito's initial offer.  Also on March 1, the
plaintiffs filed a motion for entry of judgment against the
Dorsey Defendants and Esposito pursuant to Fed. R. Civ. P.
54(b).  That motion has been denied.  Knopf v. Esposito, No.
17CV5833(DLC), 2021 WL 798358, at *2 (S.D.N.Y. Mar. 1, 2021).
In submissions of March 1 and March 2, the plaintiffs and
Esposito dispute whether the plaintiffs could accept a Rule 68
offer after having unambiguously rejected it.

Rule 68 provides:

[A] party defending against a claim may serve on an
opposing party an offer to allow judgment on specified
terms, with the costs then accrued.  If, within 14 days
after being served, the opposing party serves written
notice accepting the offer, either party may then file the

offer and notice of acceptance.

Fed. R. Civ. P. 68.

The Advisory Committee Notes explain that Rule 68 is meant to "encourage settlements and avoid protracted litigation." Fed. R. Civ. P. 68, advisory committee notes (1946).  Rule 68 "prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." Electra v. 59 Murray Enterprises, Inc., 987 F.3d 233, 246 (2d Cir. 2021) (quoting Marek v. Chesny, 473 U.S. 1, 5 (1985)).

"Rule 68 offers of judgment and acceptances thereof are contracts to be interpreted according to ordinary contract principles." Electra, 987 F.3d at 244 (citation omitted).  See also Steiner v. Lewmar, Inc., 816 F.3d 26, 31 (2d Cir. 2016). Ordinary contract principles dictate that "[a]n offeree's power of acceptance is terminated by his rejection of the offer, unless the offeror has manifested a contrary intention." Restatement (Second) of Contracts § 38 (1981).  See also Naldi v. Grunberg, 908 N.Y.S.2d 639, 648 (1st Dept. 2010); Keryakos Textiles, Inc. v. CRA Dev., Inc., 563 N.Y.S.2d 308, 309 (3rd Dept. 1990); Kleinberg v. Ambassador Assocs., 480 N.Y.S.2d 210, 211 (1st Dept. 1984), aff'd, 64 N.Y.2d 733 (1984); 22 N.Y. Jur. 2d Contracts § 40.  An acceptance after a rejection is therefore "too late".  Kleinberg, 480 N.Y.S.2d at 211.  In other words,

"the recipient's rejection of an offer leaves the matter as if no offer had ever been made." Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 162 (2016) (citation omitted). See also Radha Geismann, M.D., P.C. v. ZocDoc, Inc., 850 F.3d 507, 513 (2d Cir. 2017).

The plaintiffs' February 18 unambiguous rejection of Esposito's offer of judgment terminated the plaintiffs' right to accept that offer. As a result, the plaintiffs could not subsequently accept the offer even though the subsequent acceptance was within the 14-day period otherwise allotted under Rule 68.

The plaintiffs rely on a First Circuit decision to argue that they were free to accept the offer at any time within the 14-day period provided by the Rule. The court in Garayalde-Rijos v. Municipality of Carolina, 799 F.3d 45 (1st Cir. 2015), held that "the irrevocable nature of a Rule 68 offer has particular significance: neither a rejection nor a counteroffer terminates the offeree's ability to accept a Rule 68 offer within the fourteen-day period." Id. at 47. Garayalde-Rijos cited two cases that stand for the unremarkable proposition that a defendant may not revoke a Rule 68 offer during the 14-day period. See Richardson v. Nat'l R.R. Passenger Corp., 49 F.3d 760, 764 (D.C. Cir. 1995); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1240 (4th Cir. 1989). Neither of these cases

suggests that a plaintiff may reverse course, however, and accept the offer after having communicated an unambiguous rejection.  While the court in Richardson recognized that "unlike a normal contract offer, an offer of judgment under the Rule imposes certain consequences that can be costly for the plaintiff who declines the offer," this does not suggest that a plaintiff's unambiguous rejection should be treated as something other than a rejection under ordinary contract principles.  49 F.3d at 765.

Allowing a plaintiff to accept a Rule 68 offer after having rejected it invites gamesmanship.  It also introduces even more unpredictability into the litigation process.  A plaintiff considering an offer of judgment has the right to remain silent for up to 14 days as she ponders the offer.  If she remains silent, the offer expires.  But, if she accepts it within those 14 days, the offering party is bound by the terms of the offer, as is the plaintiff.  They have a binding agreement.  See Fed. R. Civ. P. 68; Electra, 987 F.3d at 244.

If a plaintiff rejects the offer, that too has consequences.  Words matter.  And they certainly matter in litigation.  The offer may have been extended, as it was here, at a sensitive point in the litigation.  Those sensitive points may include the periods before significant depositions, before the retention of experts or the filing of expert reports, in the

final days of discovery, on the eve of the filing of critical motions, or in the weeks when the parties are making their final trial preparations.  Once the plaintiff makes an unambiguous statement, the defendant must be able to rely on that statement and engage in the litigation knowing that its Rule 68 offer has been accepted or rejected.  A rule that allows a plaintiff to retract an unambiguous rejection of a Rule 68 offer encourages gamesmanship, permits manipulation, and increases the cost of litigation choices.  It does not encourage settlement.

None of this analysis is novel.  The principals of reliance and predictability are cornerstones of the law.  As the Restatement of Contracts instructs, "The legal consequences of a rejection rest on its probable effect on the offeror . . . .  If the offeree states in effect that he declines to accept the offer, it is highly probable that the offeror will change his plans in reliance on the statement."  Restatement (Second) of Contracts § 38 cmt. a (1981).  Because litigation is less expensive and more efficient when there is predictability, courts routinely fashion rules and doctrines that encourage predictability.  See, e.g., Ramos v. Louisiana, 140 S. Ct. 1390, 1403 (2020) ("the goals of predictability and reliance [lay] behind the doctrine of stare decisis"); Davis v. Blige, 505 F.3d 90, 104-05 (2d Cir. 2007) (declining to allow retroactive copyright licenses or assignments because such a rule would

"inject uncertainty and unpredictability into copyright ownership"); Manning v. Utilities Mut. Ins. Co., 254 F.3d 387, 398 (2d Cir. 2001) (uniform federal statute of limitations "preferable in terms of predictability and reducing judicial and litigation costs"); Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir. 1988) (claim and issue preclusion share "the common goals of judicial economy, predictability, and freedom from harassment"); Deutsche Bank Nat'l Tr. Co. v. Barclays Bank PLC, 34 N.Y.3d 327, 339 (2019) (applying plaintiff-residence rule to promote predictability).

As New York's highest court teaches, "stability and predictability in contractual affairs is a highly desirable jurisprudential value."  Sabetay v. Sterling Drug, Inc., 69 N.Y.2d 329, 336 (1987).  Indeed, the district court in A.A. v. Goleta Unified Sch. Dist., No. CV1506009DDPMRWX, 2016 WL 4134514 (C.D. Cal. Aug. 2, 2016), declined to follow Garayalde-Rijos because such an approach would "allow an offeree to expressly, or even repeatedly, reject an offer, and thus induce the opposing party to continue to prepare for hearing or trial, but then accept that very same offer on the eve of trial".  Id. at *3.

Here, the plaintiffs could have taken the allotted 14 days to consider Esposito's offer of judgment.  Instead, they unambiguously rejected his offer the day after receiving it.

Esposito is entitled to rely upon this rejection.  If he wishes to make another Rule 68 offer on the same or different terms, that is his right.  If the plaintiffs wish to suggest terms to Esposito for the settlement of this litigation, that is their right.

## Conclusion

Having unambiguously rejected Esposito's Rule 68 offer of judgment, the plaintiffs may not reverse course and accept the same offer.


Dated:    New York, New York
          March 5, 2021


_____
          DENISE COTE
     United States District Judge