```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
NORMA KNOPF, individually and as a       :    17cv5833(DLC)
Distributee and the Executor Named in    :
Michael Knopf's Last Will,               :    MEMORANDUM OPINION
                                         :         AND ORDER
                    Plaintiff,           :
           -v-                           :
                                         :
FRANK M. ESPOSITO, DORSEY & WHITNEY,     :
LLP, NATHANIEL H. AKERMAN, EDWARD S.     :
FELDMAN, and MICHAEL HAYDEN SANFORD,     :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

APPEARANCES:

For the plaintiffs:
Eric Berry
Eric W. Berry, PC
5 Columbus Circle, 8th Floor
New York, NY 10022

Gary Greenberg
Gary Greenberg, Esq.
666 Fifth Avenue, 27th Floor
New York, NY 10103

For defendant Frank Esposito:
Frank Esposito
Esposito Partners
175 Madison Avenue, 14th Floor
New York, NY 10016

DENISE COTE, District Judge:

    Plaintiff Norma Knopf[1] ("Knopf") has moved for summary judgment on her claim of conspiracy to violate § 1983. Knopf

---

[1] Michael Knopf -- who was previously a plaintiff in this action -- died on January 10, 2021. An Order of April 12 granted a

1

claims that defendants Frank Esposito ("Esposito"), Edward Feldman ("Feldman"), and others conspired with Esposito's wife -- a state court employee -- to violate Knopf's Fourteenth Amendment due process rights.  Knopf has also moved to dismiss Esposito's affirmative defenses.

Esposito and Feldman have filed cross-motions for summary judgment.  A separate Opinion addresses Feldman's motion for summary judgment.  In this Opinion, the portion of Esposito's motion for summary judgment that addresses the amount of actual damages Knopf may recover is granted in part.  Knopf's motion for summary judgment against Esposito is denied.  Knopf's motion to dismiss Esposito's affirmative defenses, which is unopposed, is granted.

The relevant facts for this Opinion are set out in a separate Opinion of May 26, 2021, which addresses Feldman's motion for summary judgment.  It is incorporated by reference. Knopf contends that Esposito conspired with his wife, Melissa Ringel, who is a state court employee, and others to deprive Knopf of her due process rights and her property interest in condominium unit Penthouse C at 44 East 67th Street (the

---

motion to substitute Norma Knopf, individually and as distributee and the executor named in Michael Knopf's last will. This Opinion refers to Michael and Norma Knopf as the "Knopfs" and Norma Knopf as "Knopf."

2

"Penthouse"). Ringel gave advice as a state court employee in a telephone call of January 12, 2016 (the "January 12 Call") that made it possible for the sale of the Penthouse to proceed on February 1, 2016.

At the time of the January 12 Call, the Appellate Division, First Department had denied summary judgment to the Knopfs on their constructive trust claim. Knopf v. Sanford, 1 N.Y.S.3d 18, 20 (1st Dept. 2014). But, in the words of the Second Circuit, the Knopfs' "constructive trust claims were pending." Knopf v. Esposito, 803 F. App'x 448, 455-56 (2d Cir. 2020).

Knopf argues that, as a result of this conspiracy, she was unaware of the January 12 Call and thus unable to stop the sale of the Penthouse, unable to obtain a lien to give her priority over unsecured creditors, and unable to negotiate with those creditors over the proper disbursements of the sale proceeds. As Knopf explains, if she had known of the January 12 Call, she could have asserted a "constructive trust claim to establish the priority position of [her] lien."[2]

"Opportunities to negotiate are difficult if not impossible to recreate." In Matter of Motors Liquidation Co., 829 F.3d

---

[2] To the extent that Knopf argues that she would have had a lien in 2006 but for Pursuit's breach of its contract with the Knopfs, that argument is unsuccessful. After a decade of litigation, the Knopfs had not obtained a lien due to that breach. Any damages Knopf may recover in this action are due to the alleged violation of § 1983 in 2016.

3

135, 164 (2d Cir. 2016). In In Matter of Motors Liquidation Co., the Court of Appeals held that plaintiff creditors suffered a violation of procedural due process where they received inadequate notice and lacked any meaningful opportunity to be heard before a proposed "free and clear" sale. Id. at 163. The Second Circuit could not "say with fair assurance that the outcome of the . . . sale proceedings would have been the same had . . . [the] plaintiffs voiced their objections to the free and clear provision." Id.

Esposito argues that Knopf has failed to show a right to any damages for her claim.[3] Knopf seeks actual damages in the amount of $2,228,772.68. This number represents $3 million (the proceeds from the sale of the Penthouse), minus $771,227.32, an amount that Knopf has already collected from the proceeds of the sale of the Penthouse.

The funds from the sale of the Penthouse were distributed as follows:

---

[3] Esposito's brief incorporates by reference Feldman's arguments about Knopf's damages.

4

| Category | Party | Amount |
|---|---|---|
| **(1) Buyer** | Credited to buyer Phillips | Total: **$579,688.32** |

| Category | Party | Amount |
|---|---|---|
| **(2) Recorded mortgage** | Mortgage to Meister Seelig[4] | Total: **$650,000** |

| Category | Party | Amount |
|---|---|---|
| **(3) Taxes** | Two City of New York Real Estate Tax liens and one Judgment based upon unpaid New York City real estate taxes | $41,101.41 $42,355.78 $132,354.71 |
| | Past due NYC real estate taxes plus interest that had not yet been reduced to a lien | $24,450.30 |
| | NYC and New York state transfer taxes | $54,750 |
| | | Total: **$295,012.20** |

| Category | Party | Amount |
|---|---|---|
| **(4) Condominium Lien** | Liens for condominium charges pursuant to a settlement with the condominium | Total: **$381,999.64** |

| Category | Party | Amount |
|---|---|---|
| **(5) Closing costs** | Title closer | $500 |
| | Managing agent fee | $200 |
| | Closing attorney Feldman | $25,000 |
| | Title charges to Royal Abstract of New York, LLC | $1,600 |
| | Condominium flip tax (payment required by condominium as a condition of closing) | $30,000 |
| | | Total: **$57,300** |

| Category | Party | Amount |
|---|---|---|
| **(6) Payment to seller** | Payment to the seller, Pursuit | $975,000 $10,999.84 |

---

[4] This amount was to be held in escrow by the title company to satisfy a January 6, 2015 mortgage plus interest in favor of the law firm Meister Seelig pending the resolution of a dispute over the mortgage between the Knopfs and Meister Seelig. This dispute was resolved in Knopf v. Meister, Seelig & Fein, LLP, No. 15CV5090(DLC), 2017 WL 1449511 (S.D.N.Y. Apr. 21, 2017), when this Court granted summary judgment to Meister Seelig on the sole remaining claim brought against them by the Knopfs. That decision was affirmed on appeal. See Knopf v. Meister, Seelig & Fein LLP, 721 F. App'x 96 (2d Cir. 2018).

|  | | Total: **$985,999.84** |
|---|---|---|
| **(7) Payment to Esposito** | Esposito Partners PLLC | Total: $50,000 |

Knopf has not shown that she is entitled to certain categories of the sale proceeds. She does not argue that she would have been able to negotiate priority over state and city taxes[5] or the various closing costs listed in the chart above. Together, the taxes and closing costs are $352,012.20. Knopf also admits that she has already collected $771,227.32 from the proceeds of the sale of the Penthouse. Additionally, Esposito argues that it is appropriate to subtract $250,000 from Knopf's potential damages because she has already recovered $250,000 from her settlement with defendants Dorsey & Whitney, LLP and Nathaniel Akerman. Knopf does not dispute this contention. Subtracting these amounts from the $3 million proceeds from the sale of the Penthouse leaves Knopf with a total of $1,626,460.48 in potential damages.

Knopf argues that, but for the January 12 Call, she would have been able to go to court to prevent the sale altogether or to negotiate over the following categories of disbursements from the sale of the Penthouse: (1) the mortgage to Meister Seelig;

---

[5] "It is well established that unpaid taxes constitute a lien upon the real estate against which they are assessed prior and superior to that of any mortgage." McCarthy v. Emma, 304 N.Y. 153, 157 (1952).

(2) the condominium liens; (3) the payment to Esposito; and (4) the payment to the seller, Pursuit.

Knopf has not shown that, had she received notice of the January 12 Call and gone to court to obtain a lien on the Penthouse in January 2016 (or threatened to do so), that that lien would have had priority over the Meister Seelig mortgage, which was filed in 2015. New York adheres to the common-law principle of "first in time, first in right." Sanford v. Bennett, 783 N.Y.S.2d 423, 425 (3rd Dept. 2004); Bank Leumi Tr. Co. of New York v. Liggett, 496 N.Y.S.2d 14, 16 (1st Dept. 1985); Bd. of Educ. of Pleasantville Union Free Sch. Dist. No. 9 v. Leen, 896 N.Y.S.2d 836, 841 (Sup. Ct. 2010). Even if Knopf obtained a lien immediately after the January 12 Call, this lien would have been later in time than the 2015 Meister Seelig mortgage. As a result, the Meister Seelig mortgage -- $650,000 -- is subtracted from the potential damages, leaving Knopf with a total of **$976,460.48** in potential damages.

Knopf may be able to demonstrate that she is entitled to damages based on the other three categories of disbursements. Knopf makes extensive arguments about why the condominium liens are "unenforceable." These liens were filed in 2009 and 2014. Unless Knopf can demonstrate that these liens are unenforceable, the condominium liens would have had priority over any lien Knopf could have obtained in January 2016 because they were

"first in time." The parties will be given an opportunity to file motions in limine to address Knopf's argument that the condominium liens were "unenforceable." The burden will be on Knopf at her trial against Esposito to prove an entitlement to actual damages in an amount of up to **$976,460.48.**

## Conclusion

Knopf's motion for summary judgment against Esposito, and Esposito's motion for summary judgment on liability, are denied. Issues of material fact remain regarding the alleged agreement between Esposito, Sanford, and a state court employee to deprive Knopf of her due process rights and her property interest in the Penthouse.

Esposito's motion for summary judgment is granted to the extent that Knopf may recover only up to **$976,460.48** in actual damages.

Finally, Knopf's motion to dismiss Esposito's affirmative defenses, which is unopposed by Esposito, is granted.

Dated: New York, New York
May 26, 2021

_____
DENISE COTE
United States District Judge